**In re JUST FOR FEET, INC., et al., Debtors.**

**Charles R. Goldstein, Chapter 7 Trustee, Plaintiff,**

**v.**

**Illinois Security Agency,** [1] **Defendant.**

**Charles R. Goldstein, Chapter 7 Trustee, Plaintiff,**

**v.**

---

1. In its responsive pleadings Defendant refers to itself as Illinois Security Services, not Agency, but the misnomer is not cited as a reason to quash service or dismiss the complaint.

**344**

Jack Schwartz Shoes, Inc. t/a Jack Schwartz Lug, Defendant.

Charles R. Goldstein, Chapter 7 Trustee, Plaintiff,

v.

Washington Inventory Service of Northern California Central Power and Light, Defendant.

Bankruptcy No. 99–4110.
Adversary Nos. 01–8064, 01–8068, 01–8293.

United States Bankruptcy Court, D. Delaware.

Sept. 9, 2003.

Mark D. Collins, Richards, Layton & Finger, Wilmington, DE, Thomas G. Macauley, Zuckerman and Spaeder LLP, Wilmington, DE, for Debtors.

John T. Carroll, Mark E. Felger, Cozen O'Connor, Wilmington, DE, Thomas G. Macauley, Zuckerman and Spaeder LLP, Wilmington, DE, for Charles Goldstein, trustee.

Julie L. Compton, Office of U.S. Trustee, Wilmington, DE, U.S. Trustee.

## MEMORANDUM OPINION [2]

JUDITH K. FITZGERALD, Chief Judge.

The Chapter 7 Trustee filed motions to excuse late reservice of process in thirteen adversary proceedings. Objections were filed with respect to the three adversaries denoted in the caption of this Memorandum Opinion. With respect to the adversaries as to which no objections were filed to the motion, an order granting the motion was entered on the docket on April 30, 2003. One of the adversaries was dismissed and closed after the order granting the Trustee's motion was entered. As to the three adversaries listed above, each will be addressed separately herein. We note that in none of these cases does the Trustee dispute the fact that service was ineffective in the first instance.

The bankruptcy case was filed November 4, 1999, and converted on March 21, 2000. An interim trustee was appointed on March 30, 2000. The current trustee was appointed on July 26 of that year. Most of the adversaries were filed in October and November of 2001. The three adversaries at issue were filed as follows: 01–8064 and 01–8068 on October 31, 2001; 01–8293 on November 1, 2001.

### Adversary 01–8064, Goldstein v. Illinois Security Agency

■ Defendant filed a motion to quash service and to dismiss the adversary. The Trustee thereafter filed his motion to excuse late reservice. Defendant filed a certification of counsel [3] with a notice of completion of briefing regarding the motion to dismiss to which the Trustee filed a response asking that a ruling on the motion to dismiss be deferred until his motion regarding late reservice of process is fully briefed and decided. The Trustee's position is that briefing on his motion is not complete because he awaits responses to discovery from Defendant regarding prejudice to Defendant if the motion to allow late reservice is granted. The Trustee's motion regarding late reservice contains facts, case citations, and argument. The court will not benefit from further briefing on this simple issue and, because we conclude that the Trustee has not established good cause or excusable neglect, we deny his motion to excuse late reservice. As a result, we also grant Defendant's motion to dismiss. We address the motion to excuse late reservice first.

The Trustee avers that in November of 2001 he

... commenced over five hundred preference actions.... with as much information as was available to him at that time...some of the information contained in the Debtors' books and records did not correctly and adequately identify all the parties with whom the Debtors transacted business. In a number of instances, the names of payees listed ... changed but the Debtors never corrected their records....Additionally, address changes ... were not always properly reflected....

Anticipating difficulties in obtaining proper service ... within 120 days, prior to commencing the Avoidance Actions ..., the Trustee filed a motion ... requesting an additional 60 days (for a total of 180 days) within which to serve process....[and] limited additional time,

---

**2.** This Memorandum Opinion constitutes the court's findings of fact and conclusions of law. The court's jurisdiction was not at issue.

**3.** Certifications of counsel are to be filed when, *inter alia,* counsel agree on a matter and seek entry of an order by the court. The certificate of completion of briefing does not require a certificate of counsel.

through April 30, 2002, [was granted] to complete service on seventy-eight defendants identified by the Trustee as not having been properly served.[4]

Motion of Trustee Pursuant to Bankruptcy Rule 9006(b) Excusing Late Reservice of Process in Certain Avoidance Actions, Dkt. No. 25.[5]

This Adversary proceeding was not listed as subject to an order which granted an extension of time to serve to April 30, 2002. Even if it had been, the deadline expired in April of 2002, long before the alias summons and the Trustee's motion were filed in November of 2002. Indeed, no extension of time to serve with respect to this adversary has ever been sought or granted. *See* Adv. Dkt. No. 25 at ¶ 16. The Trustee avers that certain defendants, including this one, were not the subject of a previous request for an extension of time because he believed they had been properly served. He states no facts in support of this belief nor does he inform us of how or when he became aware that the initial service was improper.

The Trustee relies on Fed.R.Civ.P. 4 which allows an extension of time for service if good cause is shown. *See also* Fed.R.Bankr.P. 7004. However, the Trustee offers no reason for the delay except that "through an apparent administrative error," the particulars of which he does not identify, he had incorrectly identified the registered agent for the Defendant. Trustee's Opposition to Motion to Dismiss, Adv. Dkt. No 30, at unnumbered page 3. The Trustee avers that in August or September of 2002 he was notified of his mistake but he offers no details regarding this notification and offers no explanation for

the subsequent two or three month delay in seeking leave to serve the Complaint a second time

In *Braxton v. United States,* 817 F.2d 238 (3d Cir.1987), the court addressed the "good cause" standard of Rule 4:

> Failure to comply may be excused if the party can show "good cause," a phrase that is not defined by the rule itself. One court, however, has evaluated the test as requiring "at least as much as would be required to show excusable neglect".... Inadvertence of counsel does not amount to good cause ... nor do half-hearted efforts at service which fail to meet the standard.

*Id.* at 241 (citations omitted). The excusable neglect standard was discussed in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), in the context of Fed. R.Bankr.P. 9006(b)(1) permitting enlargement of time to file proofs of claim. The Supreme Court noted: The Courts of Appeals similarly have divided in their interpretations of "excusable neglect" as found in Rule 4(a)(5) of the Federal Rules of Appellate Procedure. Some courts have required a showing that the movant's failure to meet the deadline was beyond its control, ... while others have adopted a more flexible approach similar to that employed by the Court of Appeals in this case....

> There is, of course, a range of possible explanations for a party's failure to comply with a court-ordered filing deadline. At one end of the spectrum, a party may be prevented from complying by forces

---

4. The order was apparently entered only in the main bankruptcy case and not in any of the adversaries to which it applied. *See* Bankr.No, 99–4110 at Dkt. No. 2194 extending the time to serve to April 30, 2002.

5. The court twice extended the time for all defendants to file responsive pleadings but no motion to extend the time to *serve* was filed with respect to this adversary.

beyond its control, such as by an act of God or unforeseeable human intervention. At the other, a party simply may choose to flout a deadline. In between lie cases where a party may *choose* to miss a deadline although for a very good reason, such as to render first aid to an accident victim discovered on the way to the courthouse, as well as cases where a party misses a deadline through inadvertence, miscalculation, or negligence. . . .

We think that petitioner's interpretation [that any showing of fault on the part of the late filer defeats a claim of excusable neglect] is not consonant with either the language of the Rule or the evident purposes underlying it. First, the Rule grants a reprieve to out-of-time filings that were delayed by "neglect." The ordinary meaning of "neglect" is "to give little attention or respect" to a matter, or, closer to the point for our purposes, "to leave undone or unattended to esp[ecially] through carelessness." Webster's Ninth New Collegiate Dictionary 791 (1983) (emphasis added). The word therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness. Courts properly assume, absent sufficient indication to the contrary, that Congress intends the words in its enactments to carry "their ordinary, contemporary, common meaning". . . . Hence, by empowering the courts to accept late filings "where the failure to act was the result of excusable neglect," Rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.

*Id.* at 387–88, 113 S.Ct. 1489 (citations omitted; emphasis in original). In determining what is *excusable*, the court noted that

> the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* at 395, 113 S.Ct. 1489.

In the matter before us the Trustee offers no reasons for the delay except that there were over 500 preference actions filed and Debtor's books and records were inaccurate. In his motion he does not tell us why he believed that previous service on this Defendant was proper, offers no facts explaining the delay in discovering problems with respect to service on this Defendant, and does not explain the circumstances surrounding the discovery of his mistake or why he waited two to three months after discovering his mistake to file the motion to reserve.

In *Consolidated Freightways of Delaware v. Larson* the court found that "counsel acted with due diligence if not perfect diligence", 827 F.2d 916, 919–20 (3d Cir. 1987), and that the record reflected substantial good faith efforts to comply with Fed.R.Civ.P. 4. *Id.* at 920. The court interpreted Fed.R.Civ.P. 4(a)(5) to

> require a finding of excusable neglect in those instances where the court, after weighing the relevant considerations is satisfied that counsel has exhibited substantial diligence, professional competence and has acted in good faith to conform his or her conduct in accordance with the rule, but as the result of

some minor neglect, compliance was not achieved.

*Id.* There is no such evidence offered by the Trustee in this case.

■ We next address Defendant's motion to quash service and to dismiss the adversary. Defendant avers that the summons issued when the complaint was filed was never properly served, a summons was not issued during the extended period granted by the court, and the Trustee failed to show good cause for his failure to properly or timely serve this Defendant. Defendant also asserts prejudice in that defending preference actions involves business records which have been purged and are unavailable, memories have faded, and personnel involved in the transactions have left Defendant's employ. Defendant points out that it had "the same registered agent for years". Defendant Illinois Security Services' Reply to the Response of the Trustee to Its Motion to Dismiss, adv. Dkt. No. 31, at ¶ 6. Regardless of whether there is prejudice to this Defendant, the motion to dismiss will be granted as there was no proper service and no good cause shown which would justify allowing the defect to be corrected at this late date. The Trustee cites other decisions from this Bankruptcy Court in which the court purportedly exercised its discretion and denied motions to dismiss when the statute of limitations to commence an action had run and there was no prejudice to the defendant. However, the Trustee first has to establish good cause or at least excusable neglect for his failure to properly serve before the question of prejudice to the Defendant is at issue and he has not done so.

Based on the foregoing, the Trustee's motion to excuse late reservice will be denied and Defendant's motion to quash service and to dismiss will be granted.

### Adversary No. 01–8068, Goldstein v. Jack Schwartz Shoes, Inc., t/s Jack Schwartz LUG

Like the previous Adversary, this matter was not subject to the order extending the time to serve and the Trustee offers no explanation except the large number of adversaries filed, the state of Debtor's records, and his stated belief, unsupported by any facts of record, that service was proper in 2001.[6]

The Defendant objects to the Trustee's motion to excuse late reservice because the alias summons was issued approximately ten months after the 120 day period for service provided by Fed.R.Civ.P. 4 and Fed.R.Bankr.P. 7004.[7] The Trustee's motion filed in this Adversary is identical to that filed in Adversary 01–8064.

The certificate of summons filed by the Trustee in December of 2001 states that Defendant was served in care of the New York Department of State,[8] Corporations

---

**6.** Unlike the previous adversary, after the Trustee filed the alias summons in this case on December 18, 2002, and after his motion to excuse late reservice was filed on December 27, 2002, the Trustee filed an Amended Complaint, without leave of court, on January 10, 2003. The docket shows no service of the Amended Complaint and no answer filed thereto.

**7.** The Adversary was filed on October 31, 2001. The 120 service period would have expired on or about February 28, 2002. The alias summons was issued in December of 2002.

**8.** New York law provides that "the secretary of state shall be the agent of every . . . corporation . . . [n]o . . . corporation may be formed or authorized to do business in this state . . . unless in its certificate of incorporation or application for authority it designates the secretary of state as such agent." N.Y. Bus. Corp. § 304.

Division, 41 State Street, Albany, New York. In its response to the Trustee's motion, the Defendant avers that for the past twelve years of its dealings with Debtor its business address has been 155 Avenue of the Americas, New York, New York. Further, the Defendant alleges that the Trustee was aware of its address when he filed the complaint inasmuch as in June of 2001 one of the Trustee's attorneys sent a letter to Defendant to that address. In addition, the cover page of the Adversary complaint states the correct address but provides that service was made on the "Resident Agent" at the Department of State. The Trustee does not dispute that service was improper when first made in 2001 [9] but he offers no explanation for his failure to properly serve this Defendant in a timely manner. For the same reasons enunciated with respect to Adversary No. 01–8064, we find that the Trustee has not met his burden to establish good cause or excusable neglect and deny his motion.

Defendant asks the action also be declared to be time barred. Inasmuch as the bankruptcy case was filed November 4, 1999, converted on March 21, 2000, an interim trustee was appointed on March 30, 2000, and the current trustee was appointed on July 26 of that year, we find that the action is in fact time barred. Inasmuch as the Trustee's motion to reserve is denied, it is appropriate to dismiss the Complaint.

### Adversary 01–8293, Goldstein v. Washington Inventory Service of Northern California

The Trustee filed the same motion to excuse late reservice in this adversary as in the others. Again, he does not dispute that service was improper and he provides no explanation except, again, the large number of adversaries filed and Debtor's incomplete or inaccurate records. This Defendant's situation differs slightly from that of the other two addressed above, and the same result obtains for the reasons which follow.[10]

The docket shows that in November of 2001 the Trustee served CT Corporation

9. Defendant also alleges that notwithstanding the Adversary cover sheet and the certificate of service of the summons filed by the Trustee on December 28, 2001, the New York Department of State was never served with the complaint. Defendant attached to its answer a certification by the Department that the Department's records show no service for the period January 2001 to January 21, 2003. On March 4, 2002, the Trustee filed a motion to extend time within which certain defendants may file responsive pleadings. Defendant Jack Schwartz Shoes was listed in the caption. That order was entered March 5, 2002. (A prior motion to extend time and to continue the pretrial conference was filed on January 18, 2002, and entered on January 23, 2002.) There are several affidavits of service on the docket. Some refer to an "attached" service list and have no such list attached. An affidavit of service filed December 3, 2002, Adv. Dkt. No. 21, has an attached service list but it is impossible to tell from the docket what pleading the service list and affidavit relate to. Defendant is listed on the affidavit of service which may be related to an order amending settlement procedures and setting a status conference for January 27, 2003, dated October 28, 2002, as entered on the docket on November 5, 2002. The entry is the first indication of service on Defendant of anything in this adversary. Fifteen days after the affidavit of service was filed the alias summons and notice of pretrial conference was filed. See Adv. Dkt. No. 22. It appears that counsel for the Trustee sent a copy of the alias summons and of the Trustee's motion to excuse late reservice of process to Defendant. The Trustee offers no explanation for his failure to serve Defendant with any of the prior pleadings or notices in the adversary commenced against the Defendant.

10. After the objection to his motion was filed and before he filed his reply to the objection the Trustee filed an amended complaint without leave of court.

System as registered agent for the named Defendant. By letter dated December 6, 2001, CT Corporation System notified the Trustee that Defendant's name had been "purged from our records due to discontinuance of our services." *See* Adv. Dkt. No. 4. The Trustee served an alias summons in November of 2002 which Defendant received. However, the Trustee offers no explanation whatsoever for his failure to act in December 2001 upon receipt of notice that he had served the wrong entity. He describes no efforts to find out who Defendant's agent was and did not seek an extension of time to reserve this Defendant.

■ Defendant objects to the Trustee's motion and to service on the basis that its name is "Washington Inventory Service" and not "Washington Inventory Service of Northern California" and seeks dismissal of the complaint.[11] The Trustee asks that we strike the objection inasmuch as it was not filed by an attorney and Defendant, as a corporation, must be represented by an attorney. Although we agree with the Trustee that the corporation has to be represented by counsel,[12] the fact remains that the Trustee has failed to establish good cause or excusable neglect for his failure to remedy defective service promptly upon receipt of notice almost a year before the alias summons was issued.[13]

Inasmuch as the Trustee has failed to meet his burden to establish good cause or excusable neglect for his failure to properly served the complaint in 2001, his motion to excuse late reservice is denied.

Appropriate orders will be entered with respect to each adversary.

## ORDER DENYING TRUSTEE'S MOTION TO EXCUSE LATE RESERVICE AND GRANTING DEFENDANT'S MOTION TO QUASH AND TO DISMISS THE ADVERSARY

**AND NOW,** this 9th day of September, **2003,** for the reasons expressed in the foregoing Memorandum Opinion, it is **ORDERED, ADJUDGED, and DECREED**

---

11. Defendant also states that it received the summons more than one year after it was issued. It appears that Defendant may have confused the alias summons issued in November of 2002 with the original summons issued in 2001 inasmuch as it received the 2002 summons. Nonetheless, Defendant has been served at its current address according to the certificate of service of November, 2002, filed in this adversary.

12. On March 4, 2003, an attorney entered an appearance for Defendant.

13. We note that the alias summons was served on November 5, 2002, on "Washington Inventory Service of Northern California" at

> c/o Commonwealth Legal Services Corp.
> 4701 Cox Road, Suite 301
> Glen Allen, VA 23060–6802
> *and*
> 9265 Sky Park Court, Suite 100
> San Diego, CA 92123

By letter dated December 5, 2002, Robin Low, Employee Relations Administrator of Washington Inventory Service, who also filed the objection to the Trustee's motion, wrote to the Trustee's attorneys stating, *inter alia,* that it did *"not acknowledge the summons due to a defect in the name of the Defendant as stated on the summons."* Adv. Dkt. No. 23 (emphasis in original). The address on the stationery is the San Diego address to which the alias summons was sent, evidencing actual receipt of service by Defendant. Nonetheless, the Trustee has failed to establish entitlement to reserve so the fact that service was accomplished, albeit almost a year too late under Fed.R.Civ.P. 4, is not dispositive.

We also note that the fact that the Defendant's name is in some minor respect inaccurate is not necessarily fatal to service. A mere mistake as to a party's name does not defeat the service. *See generally Household Commercial Financial Services v. Trump,* 863 F.Supp. 735 (N.D.Ill.1994). However, none of this is critical to the decision in the instant matter inasmuch as the Trustee has again failed to establish good cause or excusable neglect.

that the Trustee's motion to excuse late reservice is **DENIED**.

It is **FURTHER ORDERED** that Defendant's motion to quash service and to dismiss the adversary is **GRANTED**. The Complaint is dismissed with prejudice.

It is **FURTHER ORDERED** that the Clerk shall close this adversary.

## ORDER DENYING TRUSTEE'S MOTION TO EXCUSE LATE RESERVICE

**AND NOW,** this 9th day of September, 2003, for the reasons expressed in the foregoing Memorandum Opinion, it is **ORDERED, ADJUDGED, and DECREED** that the Trustee's motion to excuse late reservice is **DENIED**.

It is **FURTHER ORDERED** that the complaint is dismissed with prejudice inasmuch as the statute of limitations has expired.

It is **FURTHER ORDERED** that the Clerk shall close this adversary.

## ORDER DENYING TRUSTEE'S MOTION TO EXCUSE LATE RESERVICE

**AND NOW,** this 9th day of September, 2003, for the reasons expressed in the foregoing Memorandum Opinion, it is **ORDERED, ADJUDGED, and DECREED** that the Trustee's motion to excuse late reservice is **DENIED**.

It is **FURTHER ORDERED** that the complaint is dismissed with prejudice and the Clerk shall close this adversary.