## In re LENOX HEALTHCARE, INC., et al., Debtors.

### Charles M. Golden, Chapter 11 Trustee, Plaintiff,

### v.

### Medical Office Properties, Inc. f/k/a Healthcare Financial Partners Reit, Inc. and Jack Easterday, Defendants.

Bankruptcy No. 01–2288 (MFW).
Adversary No. 03–54329 (MFW).

United States Bankruptcy Court, D. Delaware.

July 12, 2004.

---

Charles M. Golden, Kevin Gross, Rosenthal Monhait Gross & Goddess, Wilmington, DE, for Debtors.

George R. Tsakataras, Cooch and Taylor, Steven T. Davis, Obermayer Rebmann Maxwell & Hippel LLP, Wilmington, DE, for Plaintiff.

Mark Minuti, Wilmington, DE, for Defendants.

## MEMORANDUM OPINION [1]

MARY F. WALRATH, Bankruptcy Judge.

Before the Court is the Second Motion of Charles M. Golden, as Chapter 11 Trustee, seeking an Order Extending Time to Effect Service of Original Process on Medical Office Properties, Inc., f/k/a Healthcare Financial Partners REIT, Inc., ("MOP") and Jack Easterday pursuant to Rule 4(m) of the Federal Rules of Civil Procedure ("the Second Motion").[2] For the following reasons, we deny the Second Motion with respect to MOP.[3]

### I. *FACTUAL BACKGROUND*

On July 10, 2001, Lenox Healthcare, Inc., and its affiliates ("the Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On July 30, 2001, the United States Trustee appointed Charles M. Golden as the chapter 11 trustee ("the Trustee").

On or about July 8, 2003, the Trustee filed approximately 100 complaints seeking, inter alia, to avoid alleged preferential and fraudulent transfers pursuant to sections 547 and 550 of the Bankruptcy Code.

On October 31, 2003, the Trustee filed his First Motion to Extend Time to Effect Service on MOP. The Court granted the First Motion and entered an order giving the Trustee an additional 90 days (until February 5, 2004) to serve MOP. The Trustee did not perfect service of the complaint on MOP ("the Complaint") during the first extension. On January 26, 2004, the Trustee filed the Second Motion seeking a further extension of time to serve MOP. On February 19, 2004, MOP objected to the Second Motion and a hearing was held on February 23, 2004.

### II. *JURISDICTION*

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b) & 157(b)(2)(A), (E), (F), & (O).

### III. *DISCUSSION*

The Trustee requests an additional extension of time to effect service on MOP. The Trustee contends that a second extension of time is warranted under Rule 4(m) of the Federal Rules of Civil Procedure, as incorporated by Rule 7004 of the Federal Rules of Bankruptcy Procedure.

Rule 4(m) provides the time limit for serving a defendant with notice of a complaint filed against it. Fed R. Civ. P. 4(m). Specifically, this Rule provides that

> if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

*Id.*

The Third Circuit interpreted Rule 4(m) "to require a court to extend time if good cause is shown and to allow a court discre-

---

**1.** This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

**2.** Concurrently, the Trustee filed three additional Second Motions seeking an extension of time to serve Kaiser Permanente Founda-

tion, FCNPC and ADT Security Services, Inc. Since that time, however, the Trustee has dismissed these complaints. Accordingly, these Motions will not be addressed.

**3.** Jack Easterday did not oppose the relief sought in this Motion.

tion to dismiss or extend time absent a showing of good cause." *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3d Cir.1995).

> First, the [court] should determine whether good cause exists for an extension of time. If good cause is present, the [court] must extend the time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend the time for service.

*Id.*

### A. *Good Cause*

■■■ Good cause requires at least a showing of excusable neglect. *Braxton v. United States*, 817 F.2d 238, 241 (3d Cir. 1987) (noting that inadvertence of counsel and half-hearted efforts at service fail to meet the standard.) Courts should permit late filings caused by inadvertence, mistake, carelessness, or intervening circumstances beyond the party's control. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs., L.P.*, 507 U.S. 380, 387–88, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *Goldstein v. Illinois Security Agency (In re Just for Feet, Inc.)*, 299 B.R. 343, 347–48 (Bankr. D.Del.2003). Determining whether excusable neglect exists is an equitable exercise that takes into account all relevant circumstances surrounding the omission. *Id.* at 348. Where counsel exhibits substantial diligence, professional competence and good faith, but fails to comply with the rule as a result of some minor neglect, the Court is required to find good cause. *Consolidated Freightways Corp. v. Larson*, 827 F.2d 916, 919–20 (3d Cir.1987).

■■■ The Trustee contends good cause is present in this case, because he filed a large number of adversary proceedings. We find this insufficient. In this case, the Trustee filed only 100 complaints. This is not a significant number[4] and does not excuse service within the original 120 day period, let alone the additional 90 day extension already granted.

■■■ The Trustee also asserts that the poor condition of the Debtors' books and records and the lack of any employees of the Debtors to assist him prevented him from obtaining a valid and current address for MOP. He further states that his independent efforts to obtain a valid mailing address, during the first extension of time, were unsuccessful. In support of this assertion the Trustee attached his time records and an affidavit from a support staff member detailing her efforts. We conclude that these efforts do not satisfy the good cause standard. Rather than establishing that the Trustee diligently attempted to serve MOP, the time records establish the opposite. They show that the Trustee spent only .5 hours addressing all service issues, only six minutes specifically addressing MOP, and that a staff member spent additional time using Internet search engines.

MOP contends that its address was known (or should have been known) to the Trustee because (1) MOP's counsel filed a Notice of Appearance in the chapter 11 cases on July 13, 2001, (2) MOP and the Trustee had prior discussions about real estate owned by MOP and leased to the Debtors, (3) the Trustee and MOP filed a consensual motion relating to transactions between MOP and the Debtors and (4) the parties were in contact regarding the nursing homes that are the subject of the Trustee's litigation. MOP also contends

---

**4.** In contrast, we have chapter 11 cases with more than 1,000 preference actions. The Court has approximately 13,000 pending preference actions. As a result, we conclude that 100 is not a significant number.

that an Internet search for "Medical Office Properties" or "Medical Office Properties, Inc." would have provided the Trustee with MOP's address.

We agree with MOP that the Trustee did not establish that he satisfied the requirements of Rule 4(m). The Trustee knew or should have known MOP's address. The Trustee disagrees with MOP's assertion that it appeared in the chapter 11 case, noting that the appearance was, in fact, filed by MOP's predecessor Healthcare Financial Partners REIT, Inc. ("HFPR"). However, the Trustee cannot reasonably contend that he was unaware of the connection between the two entities, because the Complaint filed by the Trustee specifically states that MOP "was formally known as HFPR." Accordingly, we conclude that the Trustee should have been able to find the address simply by reviewing the filings in this case. Additionally, we conclude that the Trustee did not exercise diligent efforts in attempting to locate MOP's address. Even an elementary Internet search would have uncovered MOP's website (www.medoffice.com) which has a hyperlink to its corporate address. Thus, we conclude that the Trustee has failed to establish good cause under Rule 4(m) for an extension of time to serve MOP.

### B. *Discretion*

 Even in the absence of good cause a court may, in its discretion, extend the time for service. *Petrucelli,* 46 F.3d at 1305. In *Petrucelli,* the Court relied on the Advisory Committee notes to provide guidance on what factors should influence its discretion. *Id.* Although not exhaustive, the Committee's list included whether the applicable statute of limitations would bar the refiled action or whether the defendant evaded service or concealed a defect in attempted service. *Id.* at 1305–06.

The Court emphasized, however, that the running of the statute of limitations does not itself require an extension of time to effect service. *Id.* at 1306. When there is an absence of good cause, a court may still dismiss the case in its discretion. *Id.*

The Trustee contends that an extension of time to effect service is proper in this case under the Court's discretionary authority because the statute of limitations would preclude the Trustee from refiling the Complaint. The Complaint was filed almost a year ago, on the eve of the expiration of the statute of limitations. Since that time, the Trustee made only a de minimus effort to locate MOP's address and serve the Complaint, ignoring the address and contact information that was readily available in the Court records and its file. We are not inclined to exercise our discretion to grant the Trustee additional time. We will, therefore, deny the Second Motion.

### IV. *CONCLUSION*

For the reasons set forth above, we deny the Second Motion seeking an Order Extending Time to Effect Service of Original Process on MOP and will accordingly dismiss the Complaint for failure to effect service under Rule 12(b)(5) of the Federal Rules of Civil Procedure.

An appropriate order is attached.

### *ORDER*

AND NOW, this 12th day of July 2004, upon consideration of the Second Motion of Charles M. Golden, as Chapter 11 Trustee, seeking an Order Extending Time to Effect Service of Original Process on Medical Office Properties, Inc., f/k/a Healthcare Financial Partners REIT, Inc., and Jack Easterday ("MOP") pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, and the Objection of MOP, it is hereby

**ORDERED** that the Second Motion is **DENIED** with respect to MOP, and it is further

**ORDERED** that the Complaint against MOP is **DISMISSED** for failure to effect service under Rule 12(b)(5) of the Federal Rules of Civil Procedure, and it is further

**ORDERED** that the Second Motion is **GRANTED** with respect to Jack Easterday.