**In re LENOX HEALTHCARE, INC., et al., Debtors.**

**Charles M. Golden, Chapter 11 Trustee, Plaintiff,**

**v.**

**The Guardian, Defendant.**

**Bankruptcy No. 01–2288(MFW).**
**Adversary No. 03–54314(MFW).**

United States Bankruptcy Court,
D. Delaware.

Jan. 28, 2005.

Noel C. Burnham, Steven Maniloff, Montgomery, McCracken, Walker &

Rhoads, LLP, Wilmington, DE, Counsel for The Guardian Life Insurance Company of America.

Allen C. Tucci, Harry J. Giacometti, Smith, Giacometti & Chikowski, LLC, Wilmington, DE, Counsel for the trustee.

### MEMORANDUM OPINION [1]

MARY F. WALRATH, Chief Judge.

Before the Court is the Motion of The Guardian Life Insurance Company of America ("Guardian") seeking an order dismissing for insufficient service of process the complaint filed against it by the Trustee. The Trustee opposes the Motion. For the following reasons, we will deny the motion.

### I. *FACTUAL BACKGROUND*

On July 10, 2001, Lenox Healthcare, Inc., and its affiliates ("the Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On July 30, 2001, the United States Trustee appointed Charles M. Golden as the chapter 11 trustee ("the Trustee").

On July 10, 2003, the Trustee filed a Complaint against Guardian seeking to avoid alleged preferential, fraudulent, and post-petition transfers pursuant to sections 547, 548, 549, and 550 of the Bankruptcy Code. Exhibit A to the Complaint details the amount, check number, and date of the transactions in question. The certificate of service filed with the Court stated that on July 10, 2003, service of the Complaint was made by first class mail to: "The Guardian, P.O. Box 51505, Los Angeles, CA 90051–5805." When no answer was filed, the Trustee's counsel contacted counsel for Guardian in December of 2003.

On December 31, 2003, Guardian filed its Motion to Dismiss the Complaint for Insufficiency of Service of Process. The Trustee filed a response to the Motion on January 12, 2004. The matter has been fully briefed and is ripe for decision.

### II. *JURISDICTION*

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) & 157(b)(2)(A), (F), & (H).

### III. *DISCUSSION*

#### A. *Sufficiency of Service of Process*

Guardian seeks dismissal of the Complaint due to insufficient service of process. Guardian contends that service of process was insufficient because it was sent to a post office box and was not addressed to the attention of a Guardian officer or an appropriate agent.

Rule 7004(b)(3) of the Federal Rules of Bankruptcy Procedure provides that service of process may be made by first class mail upon a corporation by addressing it to "the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process...." Fed. R. Bankr.P. 7004(b)(3). This requires that service of process be addressed to the appropriate party by name or by title. *See, e.g., Sun Healthcare Group, Inc. v. Mead Johnson Nutritional (In re Sun Healthcare Group, Inc.),* Adv. Nos. 01–7671 & 01–7480, 2004 WL 941190, at *2 (Bankr.D.Del. April 30, 2004).

Because "nationwide service of process by first class mail is a rare privilege which should not be abused or taken lightly," courts have required strict compliance with Rule 7004(b)(3). *Beneficial Cal., Inc.*

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

*v. Villar (In re Villar)*, 317 B.R. 88, 93 (9th Cir. BAP 2004). Courts vary on the specificity required: some courts require that it be addressed to a person by name, while others require that it be addressed by title. However, merely addressing it to a post office box is not sufficient. *Id.*

■ The only evidence before the Court is the certificate of service filed by the Trustee, which states that service of process was made on "The Guardian" at a post office box. The certificate of service does not specify that it was addressed to an officer or authorized agent of the corporation as required by Rule 7004(b)(3).

Counsel for the Trustee argues in his brief that, in accordance with his office's practice, the envelope enclosing the Complaint and Summons and Notice of pretrial conference was stamped with the language required by the Rule: "ATTENTION OF AN OFFICER, A MANAGING OR A GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR BY LAW TO RECEIVE SERVICE OF PROCESS." The Trustee, however, failed to provide any admissible evidence that such language actually appeared on the envelope and failed to explain why the certificate of service in this case, which was signed under penalty of perjury, was not accurate.

Therefore, based on the evidence before us, we conclude that service of process was not effective because it was not addressed to an officer or authorized agent of Guardian as required by Rule 7004. *See, e.g., Villar*, 317 B.R. at 92–93.

**B.** *Extension of Time to Serve Process*

■ Even though service of process was insufficient in this case, the Court may, under certain circumstances, grant the Trustee an extension of time to perfect service. Pursuant to Rule 4(m), service must be completed "within 120 days after the filing of the complaint...." Fed. R.Civ.P. 4(m).[2] Failure to properly serve the complaint within that time requires dismissal of the complaint without prejudice. *Id.* However, "if the plaintiff shows good cause for the failure, the court *shall* extend the time for service for an appropriate period." *Id.* (emphasis added). Thus, Rule 4(m) requires the court to grant an extension if the plaintiff shows good cause but gives the court discretion to grant an extension even in the absence of good cause. *Petrucelli v. Bohringer*, 46 F.3d 1298, 1305 (3d Cir.1995).

**1.** *Good Cause*

■ Good cause is analyzed under an excusable neglect standard, which requires good faith by the plaintiff and a reasonable excuse for the insufficient service of process. *See, e.g., Cohen v. Stokes Elec. Supply (In re Submicron Sys. Corp.)*, No. 03–230, 2004 WL 883391, at *2 (D.Del. April 5, 2004); *Golden v. Medical Office Props., Inc. (In re Lenox Healthcare, Inc.)*, 311 B.R. 404, 407 (Bankr.D.Del.2004). Taking all relevant circumstances into consideration, courts should extend the time to serve when "counsel exhibits substantial diligence, professional competence and good faith, but fails to comply with the rule as a result of some minor neglect...." *Lenox Healthcare*, 311 B.R. at 407 (citing *Consolidated Freightways Corp. v. Larson*, 827 F.2d 916, 919–20 (3d Cir.1987)). However, when the failure is due to counsel's inadvertence or half-hearted efforts, no extension is warranted. *Braxton v.*

**2.** Rule 4(m) is made applicable to this adversary proceeding by Rule 7004 of the Federal Rules of Bankruptcy Procedure.

*United States,* 817 F.2d 238, 241 (3d Cir. 1987).

██ Guardian contends that the Trustee is not entitled to an extension of time to perfect service because he failed to make the minimal inquiry necessary to effect proper service and because Guardian has a valid defense to the claims set out in the Complaint.

In this case, the Trustee has provided no excuse, reasonable or otherwise, for failure to comply with Rule 7004(b)(3) other than to assert that the certificate of service is inaccurate. In such circumstances, the Trustee cannot be said to have made a good faith effort to properly serve Guardian. Consequently, we conclude that an extension for good cause is not mandated.

### 2. *Discretion*

██ Even in the absence of good cause, a court may, in its discretion, extend the time for service. *Petrucelli,* 46 F.3d at 1305. Factors the court should consider in deciding whether to grant a discretionary extension include: (1) whether the statute of limitations has run; (2) whether the complaint is frivolous; (3) whether the plaintiff is objectively unreasonable; and (4) whether the plaintiff has an improper motive for pursuing the claim. *Sun Healthcare Group,* 2004 WL 941190, at *4; *Lenox Healthcare,* 311 B.R. at 408.

██ In this case the statute of limitations has run, so the Trustee would be barred from refiling a complaint against Guardian if this Complaint were dismissed. Further, the Trustee has made some showing via attachments to his Complaint that the transfers were made within the preference period. Therefore, we cannot conclude that the Complaint is frivolous, even though Guardian asserts it has a valid defense. In addition, the Trustee did not act unreasonably; in fact, rather than seek a default judgment, the Trustee contacted counsel for Guardian. Finally, the Trustee's only apparent motive in pursuing the claim is to fulfill his duties as a trustee to recover avoidable transfers. These considerations outweigh any prejudice to Guardian arising from its lack of actual knowledge of the Complaint until after the time for service had expired. Consequently, we will exercise our discretion under Rule 4(m) and grant the Trustee a short extension to perfect service of process on Guardian.

## IV. *CONCLUSION*

For the foregoing reasons, we will deny the motion to dismiss for insufficient service of process and will grant the Trustee an extension of time to perfect service.

An appropriate order is attached.

### ORDER

AND NOW, this 28th day of January, 2005, upon consideration of the Motion of The Guardian Life Insurance Company of America to dismiss the Complaint for insufficient service of process and the Trustee's response thereto and for the reasons in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that the Motion is **DENIED**; and it is further

**ORDERED** that the Trustee shall have until February 28, 2005, to perfect service of the Complaint on Guardian.