**In the Matter of Heidi Lynn RAE, Debtor.**

**No. 02–11815.**

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

Nov. 25, 2002.

---

Ward Miller, Fort Wayne, IN, for Debtor.

### DECISION AND ORDER

ROBERT E. GRANT, Bankruptcy Judge.

This matter is before the court on the debtor's motion to avoid a judicial lien which First Select holds upon her residence. Neither the motion nor the notice of the opportunity to object to it were served directly upon the lienholder. Instead, they were served upon the attorney who represented that creditor in the state court litigation that led to the judicial lien. Furthermore, counsel has never filed an appearance on First Select's behalf in the debtor's bankruptcy. The motion was brought to the court's attention after the deadline for filing objections had passed without any response from the lienholder. The court then raised the issue of whether the lienholder had been properly served. That is the issue presently before it.

A motion to avoid a lien on exempt property is a contested matter governed by Rule 9014 of the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. P. Rule 4003(d). This rule requires the motion to "be served in the manner provided for service of a summons and complaint by Rule 7004 ...." Fed. R. Bankr.P. Rule 9014. Rule 7004, in turn, makes most of the provisions of Rule 4 of the Federal Rule of Civil Procedure applicable to bankruptcy proceedings. Consequently, whether we are dealing with bankruptcy litigation or more traditional civil litigation, essentially the same rules govern service upon the opposing party of the documents initiating the litigation—this particularly so when we consider upon whom service is to be made. When the

677

opposing party is a corporation, service is to be made upon an "officer, a managing or general agent or . . . any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R.Civ.P. 4(h)(1); Fed. R. Bankr.P. 7004(b)(3). Since the attorney who represented the lienholder in the state court litigation that resulted in the judicial lien was not an officer, managing or general agent of that corporation, the question before the court is whether counsel was "any other agent authorized . . . to receive service of process." Debtor has the responsibility for proving that service was proper. *See, United States v. Ziegler Bolt and Parts Company,* 111 F.3d 878, 880 (Fed. Cir.1997).

The courts have consistently held that an attorney will be considered an agent for service of process only if counsel has been appointed for that precise task. *See e.g., Schultz v. Schultz,* 436 F.2d 635 (7th Cir.1971); *Bennett v. Circus U.S.A.,* 108 F.R.D. 142, 146–147 (N.D.Ind.1985); *Davis–Wilson v. Hilton Hotels Corp.,* 106 F.R.D. 505, 508 (E.D.La.1985); *Miree v. United States,* 490 F.Supp. 768, 775 (N.D.Ga.1980). The mere relationship between a litigant and its attorney is not sufficient to convey this authority. *Ziegler Bolt,* 111 F.3d at 881. Neither will it be implied from counsel's representation of the client in other litigation. *Ziegler Bolt,* 111 F.3d at 881; *Schultz,* 436 F.2d at 639; *J & L Parking Corp. v. United States et al.,* 834 F.Supp. 99, 102 (S.D.N.Y.1993); *Bennett,* 108 F.R.D. at 147; *Olympus Corporation v. Dealer Sales & Service, Inc.,* 107 F.R.D. 300, 306 (E.D.N.Y.1985). "In-

stead, the record must show that the attorney exercised authority beyond the attorney-client relationship, including the power to accept service." *Ziegler Bolt,* 111 F.3d at 881. "[T]here must be evidence of actual appointment and not merely an implication from the attorney's activities." *Bennett,* 108 F.R.D. at 147.

In this case, there is nothing before the court which would indicate that the attorney who represented First Select in the pre-bankruptcy litigation that gave rise to the judicial lien the debtor seeks to avoid was authorized to receive service of process on its behalf. The only way the court could come to that conclusion would be to imply that authority from counsel's representation in the previous litigation. This it cannot do. In the absence of proof that First Select has been properly served [1] with both the motion and the notice of the opportunity to object thereto, the court cannot grant the debtor the relief she seeks.

Debtor shall, within fourteen (14) days of this date, serve its motion to avoid judicial liens and notice of the opportunity to object thereto upon First Select, as required by Rules 9014 and 7004 of the Federal Rules of Bankruptcy Procedure, and file proof thereof. The failure to do so will result in denial of the motion, without prejudice, without further notice or hearing.

SO ORDERED.

1. The court recognizes that debtor also had the opportunity to serve the lienholder according to Indiana law. Fed R. Civ. P. Rule 4(e)(1), (h)(1). Indiana law is clear, however, that notice to an attorney will be imputed to the client only if the attorney is counsel of record and has entered an appearance. *Bennett,* 108 F.R.D. at 148. Since First Select's

counsel never entered an appearance in the bankruptcy case, any notice it may have receive concerning the motion cannot be imputed to its client. Where the rules concerning counsel's authority to receive service of process are concerned, Indiana law appears to be the same as that under Rule 4 of the Federal Rule of Civil Procedure. *Id.*