**In re Barbara A. VILLAR, Debtor.**

**Beneficial California, Inc., a California company, Appellant,**

v.

**Barbara A. Villar, Appellee.**

**BAP No. EC–04–1081–MoPMa.**
**Bankruptcy No. 03–94302–A–7.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on Sept. 21, 2004.

Filed Oct. 20, 2004.

Before MONTALI, PERRIS and MARLAR, Bankruptcy Judges.

***OPINION***

MONTALI, Bankruptcy Judge.

In this case a debtor failed to afford procedural and constitutional due process when she moved to avoid a judicial lien. While the lien may not be able to withstand a proper attack, failure to serve effectively will not be excused even where there appears to be no defense to the underlying motion. If debtor renews her challenge and is successful, this decision will indeed be nothing more than a Pyrrhic victory.

Appellant Beneficial California Inc. ("Beneficial") appeals from the bankruptcy court's order granting the second motion of debtor Barbara A. Villar ("Debtor") to avoid its judicial lien under Section 522(f)(1)(A).[1] Beneficial argues that the order is void because Debtor did not serve her second motion properly pursuant to Rule 7004(b)(3) and, alternatively, that it did not receive sufficient notice of this motion to satisfy due process. Although it is unclear why Beneficial did not seek relief from the bankruptcy court, we agree that service did not comply with Rule 7004(b)(3) and that Beneficial's due process rights were violated. Accordingly, we REVERSE.

## I. FACTS

Jeffrey A. Paris, Esq., Paris and Paris, LLP, 424 Pico Blvd., Santa Monica, CA 90405 ("Paris"), was Beneficial's attorney in a lawsuit entitled Beneficial California,

Jeffrey A. Paris, Paris & Paris, LLP, Santa Monica, CA, for Beneficial California, Inc.

**1.** Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

Inc. v. Barbara A. Villar, SV241692, in the Superior Court of San Joaquin County. On July 3, 2003, the Superior Court entered a judgment in favor of Beneficial in the amount of $7,872.40. On August 4, 2003, Paris recorded an abstract of that judgment in the official records of San Joaquin County where Debtor is the record owner of her residence in Stockton (the "Property"). Thus, Beneficial obtained a judicial lien on the Property. *See* 11 U.S.C. § 101(36) (" 'judicial lien' means lien obtained by judgment...."). On October 29, 2003, Debtor filed a voluntary Chapter 7 petition in the Eastern District of California.

On November 5, 2003, Debtor filed her first motion to avoid Beneficial's judicial lien under Section 522(f)(1)(A). Beneficial did not file any opposition. The bankruptcy court denied this motion because Debtor failed to provide evidence of the value of the Property.

On January 15, 2004, Debtor filed her second motion to avoid Beneficial's judicial lien based on Section 522(f)(1)(A) (the "Motion"). Debtor's information in her declaration in support of the Motion was still less than precise about the specifics required by the statute:[2] Instead of the fair market value of the Property, she stated that she received a purchase offer for $222,000.00. She listed a First Deed of Trust of $154,000.00 and claimed that it was proper to avoid Beneficial's judicial lien to protect her $75,000.00 exemption.

In her calculation, however, she neither made any reference to Beneficial's judicial lien nor calculated the extent to which it impaired her exemption. She included anticipated costs of sale. Nevertheless, the bankruptcy court was satisfied as to the adequacy of the evidence presented and avoided Beneficial's lien. Beneficial did not file a written opposition to the Motion.

On February 2, 2004, the bankruptcy court entered an order granting the Motion by default.[3] Beneficial filed a timely notice of appeal; Debtor has not appeared in this appeal.

On appeal, Beneficial contends that Debtor did not serve the Motion in accordance with Rule 7004(b)(3) and that its due process rights were violated because the Motion and the supporting papers were not served on an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Debtor's Motion itself begins *"To: Officer, General Manager, and Agent for Service of Process for Beneficial,* Chapter 7 Trustee and All Interest [sic] Parties" (emphasis added), but the proof of service shows only that Debtor served the Motion by first class mail to Beneficial, addressed as follows:

1) Beneficial, P.O. Box 60101, City of Industry, CA 91716–0101.

2) Jeffrey A. Paris, Esq., Paris and Paris, LLP, c/o Beneficial, 424 Pico Blvd., Santa Monica, CA 90405.

---

**2.** For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—

 (i) the lien,

 (ii) all other liens on the property; and

 (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A).

**3.** We do not deal with Beneficial's lien rights vis-a-vis Debtor's buyer if the Property has been sold. We also do not deal with whether Debtor could sell the Property at all, as it has not been abandoned (see 11 U.S.C. § 554(a), (b)) and the Chapter 7 case remains open (see 11 U.S.C. § 554(c)).

Beneficial claims that it would have opposed the motion had it been properly served.[4]

## II. ISSUES [5]

1. Whether Debtor served the Motion in accordance with Rules 4003(d), 9014(b) and 7004(b)(3).

2. Whether Beneficial was deprived of its due process rights.

## III. STANDARDS OF REVIEW

■ "We review the bankruptcy court's conclusions of law and questions of statutory interpretation de novo, and factual findings for clear error." *Village Nurseries v. Gould (In re Baldwin Builders)*, 232 B.R. 406, 410 (9th Cir. BAP 1999). "[W]hether Creditor's judicial lien was avoidable pursuant to section 522(f)(1) is a question of bankruptcy law that the panel reviews *de novo.*" *Law Offices of Moore & Moore v. Stoneking (In re Stoneking)*, 225 B.R. 690, 692 (9th Cir. BAP 1998). "Whether a particular procedure comports with due process is also a legal question that we review *de novo.*" *Law Offices of David A. Boone v. Derham–Burk (In re Eliapo)*, 298 B.R. 392, 397 (9th Cir. BAP 2003).

## IV. DISCUSSION

### 1. Service of the Motion

Debtor did not serve the Motion in accordance with Rule 7004(b)(3).[6] Neither the service to Beneficial's post office box nor to Paris satisfied the requirements for an adequate service upon Beneficial as a domestic corporation. Rule 7004(b)(3) provides:

> Except as provided in subdivision (h), in addition to the methods of service authorized by Rule 4(e)-(j) F.R.Civ.P., service may be made within the United States by first class mail postage prepaid as follows:

> \* \* \* \* \* \*

> (3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint *to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process* and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy of the defendant.

Fed. R. Bankr.P. 7004(b)(3) (emphasis added).

■ The service to Beneficial's post office box does not comply with the require-

---

4. If Beneficial did have a defense to the merits of the Motion, we think the better practice would have been for it to seek relief from the Bankruptcy Court under Rule 9023, incorporating Fed.R.Civ.P. 59. That way the erroneous service could have been promptly corrected and the cost and delay of this appeal avoided.

5. Beneficial also listed as an issue that Debtor did not submit enough evidence to permit the bankruptcy court to grant the Motion. Beneficial, however, failed to discuss the issue in its brief and has therefore waived it. *See Jodoin v. Samayoa, (In re Jodoin)*, 209 B.R.

132, 143 (9th Cir. BAP 1997). Were we not reversing on procedural grounds we would, therefore, affirm on the merits.

6. According to Rule 4003(d) a motion to avoid a lien under § 522(f) shall be served in accordance with Rule 9014. Rule 9014(b) states:

> The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004. Any paper served after the motion shall be served in the manner provided by Rule 5(b) F.R. Civ. P.

Fed. R. Bankr.P. 9014(b).

ment to serve the Motion to the attention of an officer or other agent authorized as provided in Rule 7004(b)(3). In *In re Schoon*, 153 B.R. 48, 49 (Bankr.N.D.Cal. 1993), the court held that nationwide service of process by first class mail is a rare privilege which should not be abused or taken lightly and, thus, the service has to be made to a *specifically named* officer. "Where the alternative to service by mail is hiring a process server to serve the papers in person, it seems like a small burden to require literal compliance with the rule." *Schoon*, 153 B.R. at 49; *see also Addison v. Gibson Equipment Co., Inc. (In re Pittman Mechanical Contractors, Inc.)*, 180 B.R. 453, 457 (Bankr. E.D.Va.1995) ("Strict compliance with this notice provision in turn serves to protect due process rights as well as assure that bankruptcy matters proceed expeditiously.").

Even a less strict interpretation of Rule 7004(b)(3), adopted by other courts, requires more than the service reflected on Debtor's proof of service of the Motion. In *Schwab v. Associates Commercial Corp. (In re C.V.H. Transport)*, 254 B.R. 331 (Bankr.M.D.Pa.2000), the bankruptcy court ruled that a trustee's complaint could be properly served by addressing it to the attention of an officer, managing or general agent, without specifically naming the individual officer or managing or general agent. *See also Fleet Credit Card Services, L.P. v. Tudor (In re Tudor)*, 282 B.R. 546, 550 (Bankr.S.D.Ga.2002).

In the matter on appeal, Debtor's service on Beneficial does not specify a person or even an office. The service was insufficient under the plain words of Rule 7004(b)(3). In order to assure that the party being served is apprised of the pendency of an action, valid service requires more than to address the document to a post office box.

█ The service of the Motion on Paris also did not satisfy the requirements of Rule 7004(b). Debtor did not provide any evidence that Paris was either explicitly or implicitly appointed by Beneficial to receive service of process on its behalf.

█ Attorneys can be authorized to accept service of process implicitly as well as explicitly. *Beloit Liquidating Trust v. Beloit Walmsley Limited (In re Harnischfeger Industries, Inc.)*, 288 B.R. 79, 82–83 (Bankr.D.Del.2003) (citation omitted). "To find an implied agency, courts look at all the circumstances under which the defendant appointed the attorney to measure the extent of the authority that the client intended to confer." *Ms. Interpret v. Rawe Druck–und–Veredlungs—GmbH (In re Ms. Interpret)*, 222 B.R. 409, 416 (Bankr.S.D.N.Y.1998). An implied agency for service was recognized when a defendant took an active role in the related bankruptcy case through its counsel. *Reisman v. First New York Bank for Business (In re Reisman)*, 139 B.R. 797, 801 (Bankr.S.D.N.Y.1992); *see also Luedke v. Delta Air Lines, Inc.*, 159 B.R. 385, 395 (S.D.N.Y.1993).

Debtor no doubt served Paris with the Motion because Paris represented Beneficial in the state court action which gave rise to the judicial lien. That is not enough by itself to establish implicit authority for Paris to accept service of process in matters involving Debtor's bankruptcy. An implied agency to receive service is not established by representing a client in an earlier action. *J. & L. Parking Corp., Inc. v. United States*, 834 F.Supp. 99, 102 (S.D.N.Y.1993). We cannot presume from Paris' handling the litigation that resulted in the judicial lien that he is also authorized to accept service for a motion to avoid the judicial lien. *See Citicorp Mortgage, Inc. v. Brooks (In re Ex–Cel Concrete Co.)*, 178

B.R. 198 (9th Cir. BAP 1995); *In re Rae*, 286 B.R. 675, 677 (Bankr.N.D.Ind.2002).

 Beneficial has the burden to establish a prima facie error in service. *See In re Webb*, 212 B.R. 320, 322 n. 1 (8th Cir. BAP 1997). Beneficial has satisfied its burden because the proof of service for the Motion does not on its face show that the service was in accordance with Rule 7004(b)(3).[7] The bankruptcy court may have assumed that Paris was authorized to receive service of process, but there is no evidence in the excerpts of record to support that assumption. The litigant attempting to effect service is responsible for proper service and bears the burden of proof. *Ex–Cel*, 178 B.R. at 203; *Rae*, 286 B.R. at 677.

The same standard applies with respect to default judgments. Before a court can enter a default judgment, the service of process must be effective. *Maryland State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D.Md.1996). The bankruptcy court, by default, avoided Beneficial's lien without effective service.

### 2. Violation of Beneficial's right of due process

 The bankruptcy court's order also violated Beneficial's due process rights because it granted the Motion without actual notice to Beneficial. In *Ex–Cel*, 178 B.R. at 205, we held that an order granted without adequate notice does not satisfy the requirements of due process of law and is therefore inevitably void. *See also GMAC Mortgage Corp. v. Salisbury (In re Loloee)*, 241 B.R. 655, 661 (9th Cir. BAP 1999). We noted that the appellant did not receive actual notice nor another "acceptable substitute for procedural notice requirements so as to save the order . . . from constitutional due process con-

cerns." *Ex–Cel*, 178 B.R. at 203. In *Wallace v. Shapiro (In re Shapiro)*, 265 B.R. 373, 378 (Bankr.E.D.N.Y.2001), the court held that the service did not follow the requirements of Rule 7004(b)(9), but due process had been satisfied. "[T]he standards for service on individuals and corporations are to be liberally construed to further the purpose of finding personal jurisdiction in cases in which the party has received *actual notice.*" *Shapiro*, 265 B.R. at 378 (quoting *Teitelbaum v. Equitable Handbag Co. (In re Outlet Department Stores, Inc.)*, 49 B.R. 536, 540 (Bankr. S.D.N.Y.1985)) (emphasis added).

 In the matter on appeal, Debtor presented no evidence that Beneficial's appropriate officer or agent received actual notice of the Motion, so we must presume that Beneficial did not receive actual notice (at least, not before entry of the order granting the Motion). The fact that Beneficial was served at its post office box does not trigger the presumption that a person who was responsible for litigation received actual knowledge about it before the order was granted. "Mail that is properly addressed, stamped and deposited into the mails is presumed to be received by the addressee." *United States v. Levoy (In re Levoy)*, 182 B.R. 827, 834 (9th Cir. BAP 1995) (quoting *Moody v. Bucknum (In re Bucknum)*, 951 F.2d 204, 207 (9th Cir.1991)). Rule 7004(b)(3) states what is required for a adequate service upon a corporation. A presumption that the mail was received by Beneficial does not include the presumption that the motion was received by an officer or authorized agent. Only if the notice is "directed to a corporation and the attention of an officer or agent as identified in Rule 7004(b)(3)," can it be considered to have been received by a person who is charged with responding to

---

**7.** Beneficial has not denied that Paris received the Motion, either in its brief on appeal or when counsel was questioned at oral argument.

the service. *C.V.H. Transport,* 254 B.R. at 334.[8]

## V. CONCLUSION

Service of the Motion did not comply with Rule 7004(b)(3). In addition, because the defective service apparently deprived Beneficial of actual notice, its due process rights were violated. Accordingly, we RE-VERSE.

8. Although Beneficial's counsel conceded during oral argument before us that Paris had actual knowledge of the Motion before it was granted, this knowledge cannot be attributed to Beneficial as long as there is no evidence that Paris was authorized to receive service of process.