**In the Matter of: Geraldine Kay SMITH, Debtor.**

**Geraldine Kay Smith, Appellant,**

v.

**John Rush, Appellee.**

**No. 07–35760.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 13, 2009.*

Filed Oct. 29, 2009.

Geraldine Kay Smith, Eagle Point, OR, pro se.

Todd Tinker, Esquire, Muhlheim Boyd, LLP, Eugene, OR, for Appellee.

Before: B. FLETCHER, LEAVY, and RYMER, Circuit Judges.

### MEMORANDUM **

Geraldine Kay Smith appeals pro se from the Bankruptcy Appellate Panel's

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

("BAP") judgment affirming the bankruptcy court's orders dismissing her adversary proceeding for lack of prosecution and denying her motion for reconsideration. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the BAP's decision, *Simpson v. Burkart (In re Simpson)*, 557 F.3d 1010, 1014 (9th Cir.2009), and we affirm.

The bankruptcy court properly concluded that service of the adversary complaint on Attorney James W. Gardner was not sufficient service on defendants because the record does not establish that Gardner had express or implied authority to accept service of process on their behalf. *See Rubin v. Pringle (In re Focus Media Inc.)*, 387 F.3d 1077, 1081, 1083 (9th Cir. 2004) (explaining that the critical inquiry in determining whether an attorney is authorized to accept service of process is whether "the client acted in a manner that expressly or impliedly indicated the grant of such authority," and reviewing de novo whether service of process is sufficient (citation omitted)); *Beneficial Cal., Inc. v. Villar (In re Villar)*, 317 B.R. 88, 93–94 (B.A.P. 9th Cir.2004) (concluding that an attorney's representation of a corporation in an action giving rise to a judicial lien did not establish implied authority by the attorney to accept service on behalf of the corporation for a motion to avoid the judicial lien in a bankruptcy case).

The bankruptcy court did not abuse its discretion by dismissing the adversary proceeding because Smith failed (1) to serve the complaint properly after receiving an extension of time and two warnings that failure to prosecute would result in dismissal; and (2) to rebut the presumption of prejudice to defendants caused by her unreasonable delay. *See Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451–55 (9th Cir.1994) (discussing factors that a court must consider before dismiss-

ing an action for failure to prosecute, and reviewing dismissal for an abuse of discretion).

The bankruptcy court did not abuse its discretion by denying Smith's motion for reconsideration because Smith did not present newly discovered evidence, demonstrate clear error, or show an intervening change in controlling law. *See 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999) (setting forth grounds for reconsideration under Federal Rule of Civil Procedure 59(e), and concluding that the district court did not abuse its discretion by declining to address an issue raised for the first time in a motion for reconsideration); *see also* Fed. R. Bankr.P. 9023 (applying Rule 59(e) to bankruptcy proceedings).

The parties' other contentions, including appellee's contentions regarding mootness, are unpersuasive.

Smith's request for judicial notice is denied.

**AFFIRMED.**