FILED

MAR 13 2014

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

ORDERED PUBLISHED

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No.  NC-13-1366-JuKiD |
| | ) | |
| MICHAEL ALLEN FRATES; CARLA JEAN FRATES, | ) | Bk. No.  11-70776 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| MICHAEL ALLEN FRATES; CARLA JEAN FRATES, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | O P I N I O N |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A.; WELLS FARGO CARD SERVICES, | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

Argued and Submitted on February 20, 2014
at San Francisco, California

Filed - March 13, 2014

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Roger L. Efremsky, Bankruptcy Judge, Presiding.
_____

Appearances:    Michael J. Primus, Esq. argued for appellants
                Michael Allen and Carla Jean Frates.
                _____

Before:  JURY, KIRSCHER, and DUNN, Bankruptcy Judges.

JURY, Bankruptcy Judge:

Chapter 13[1] debtors, Michael Allen Frates and Carla Jean Frates (collectively, Debtors), filed a motion under § 522(f) asking the bankruptcy court to avoid the judicial lien of Wells Fargo Bank, N.A. (Wells Fargo) which encumbered their residence. Wells Fargo failed to respond. Debtors then filed a request for entry of order by default. The bankruptcy court denied their request on procedural grounds: (1) the notice of the motion failed to identify the real property and (2) the notice, motion and accompanying pleadings were not served on counsel listed on the abstract of judgment as required under Cal. Code Civ. P. (CCP) § 684.010. Debtors moved for reconsideration which the court denied. This appeal followed.

We conclude that Debtors satisfied the requirements for procedural due process by serving their notice, motion (which identified the real property) and accompanying pleadings on Wells Fargo in compliance with the Federal Rules of Bankruptcy Procedure and the holding in <u>Mullane v. Cent. Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314–15 (1950). We also hold that compliance with CCP § 684.010 is not required for lien avoidance motions. Therefore, we REVERSE and REMAND.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, "Rule" references are to the Federal Rules of Bankruptcy Procedure and "Civil Rule" references are to the Federal Rules of Civil Procedure.

-2-

## I.  FACTS

The facts are undisputed.  On October 7, 2013, Debtors filed their chapter 13 petition.  In Schedule D, Debtors listed Wells Fargo Card Services as a secured creditor with a judgment lien against their real property in the amount of $26,200.  They also listed the Reese Law Group as an additional notice party in connection with Wells Fargo Card Service's secured claim.

Wells Fargo Card Services filed a proof of claim (POC), which asserted an unsecured credit card debt in the amount of $19,820.83 and was signed by Janet Samuelson.

Debtors' chapter 13 plan filed with their petition provided:

> The Abstract of Judgment recorded on September 12, 2011 by Wells Fargo Bank, N.A. attaching to . . . May Way, San Ramon CA 94583 ("property") will be avoided through a separate motion.  For purposes of such motion the property will be valued at $625,000 and failure of Wells Fargo Bank, N.A. to object will be deemed acceptance of this valuation for purposes of such a motion.  This motion will be filed pursuant to 11 U.S.C. 522(f).

The bankruptcy court confirmed the plan in December 2011.

On February 17, 2012, Debtors filed a motion to avoid Wells Fargo's judicial lien.  They served Wells Fargo with the notice, motion and other pleadings by mail addressed to the attention of John G. Stumpf, CEO, 101 N. Phillips Avenue, Sioux Falls, SD 57104.  They also served these pleadings by mail addressed to Harlan Michael Reese, Esq. of the Reese Law Group, who was listed as the attorney for Wells Fargo on the abstract of judgment attached to Debtors' motion.  Neither Wells Fargo nor attorney Reese responded to Debtors' motion.

Debtors filed a request for entry of order by default.  The

bankruptcy court denied the request without prejudice on substantive grounds: (1) the motion did not provide any information regarding the existence or amounts of the alleged senior deeds of trust, nor did it contain evidence to support the alleged priority of the respective deeds of trust, or the alleged amounts of the liens as of the date of the bankruptcy filing; (2) the motion did not provide evidence regarding exemptions claimed or entitled to be claimed by Debtors; and (3) the docket indicated that Debtors amended their exemptions on March 2, 2012, and those exemptions had not become final.[2]

In May 2013, Debtors filed a second motion to avoid Wells Fargo's judicial lien, the supporting declarations of Carla Jean Frates and Debtors' attorney and a notice. The notice[3] stated that Debtors had filed a motion to avoid a judicial lien on real estate in favor of Wells Fargo that was recorded on September 12, 2011, and provided the document recordation number. The notice did not contain the address or legal description of the real property subject to Wells Fargo's judicial lien.

Debtors served Wells Fargo with the notice, motion and other pleadings by certified mail addressed to the attention of

---

[2] Debtors did not include this motion or the order denying their request for entry of order by default in the record on appeal. However, we take judicial notice of the motion and accompanying declarations, the order, and the certificate of service, which were docketed and imaged by the bankruptcy court at Dkt. Nos. 20-23 and 28-32. Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[3] The notice was titled as an "Opportunity For Hearing On Motion To Avoid Judicial Lien On Real Estate In Favor Of Wells Fargo Bank, N.A., A National Banking Association."

John G. Stumpf, CEO, 101 N. Phillips Avenue, Sioux Falls, SD 57104. Debtors also served Wells Fargo Card Services with the notice, motion and other pleadings by mail addressed to the attention of Janet Samuelson (who signed the POC on behalf of Wells Fargo Card Services), Recovery Department, P.O. Box 9210, Des Moines, IA 50306. However, this time they did not serve attorney Reese with the motion or other pleadings. It is not apparent from the record why they did not do so. In connection with the certificate of service, Sharon Sonsteng, an employee at Debtors' attorney's office, declared that she obtained the address for Wells Fargo through the FDIC website and the address for Wells Fargo Card Services from the POC filed on October 13, 2011.

Again, Wells Fargo did not respond and Debtors submitted a request for entry of order by default. Debtors served Wells Fargo and Wells Fargo Card Services with the request by mail at the same addresses mentioned above. On July 8, 2013, the bankruptcy court denied Debtors' request for entry of order by default on procedural grounds: (1) the notice was defective because it did not identify the real property which was the subject of the motion and (2) the motion was not served on counsel listed on the abstract of judgment as required under CCP § 684.010.

Debtors moved for reconsideration of the order under Civil Rule 59(a) and/or 60(b)(2), made applicable to bankruptcy proceedings by Rules 9023 and 9024. Debtors argued that notice was proper under federal law because the property address was given in the motion and the supporting declarations. While

Debtors acknowledged that the notice did not specify the property address, they maintained that the notice made clear that Wells Fargo's failure to act could result in the loss of lien rights. In addition, the accompanying motion contained the property address. Debtors further asserted that the notice and motion complied with (1) the bankruptcy court's local rule (BLR) 9013-1(b)(1) and (2); (2) § 102 and Rules 9014 and 7004; and (3) the practices and procedures in Judge Efremsky's court. Finally, citing Beneficial Cal. Inc. v. Villar (In re Villar), 317 B.R. 88 (9th Cir. BAP 2004), Debtors maintained that service on the attorney that obtained the underlying judgment under CCP § 684.010 was not required. On July 22, 2013, the bankruptcy court denied Debtors' motion for reconsideration without a hearing. Debtors timely filed a notice of appeal.

## II. JURISDICTION

The bankruptcy court had jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157(b)(2)(K). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

A. Whether the bankruptcy court erred by requiring Debtors to comply with the service requirements under CCP § 684.010; and

B. Whether the bankruptcy court erred in finding that Debtors' notice of motion to avoid Wells Fargo's judicial lien was defective because it failed to identify the property.

## IV. STANDARD OF REVIEW

We review the bankruptcy court's application of procedural rules and whether a particular procedure comports with due

-6-

process de novo. All Points Cap. Corp. v. Meyer (In re Meyer), 373 B.R. 84, 87 (9th Cir. BAP 2007); In re Villar, 317 B.R. at 92; see also Berry v. U.S. Trustee (In re Sustaita), 438 B.R. 198, 207 (9th Cir. BAP 2010) (whether adequate due process notice was given in any particular instance is a mixed question of law and fact reviewed de novo) (citing Demos v. Brown (In re Graves), 279 B.R. 266, 270 (9th Cir. BAP 2002)).

## V. DISCUSSION

Section 522(f) is a powerful right available to a debtor. It allows a debtor to avoid a creditor's judgment lien on his or her real property if the debtor's interest in that property would be exempt but for the existence of the creditor's lien. Because a debtor may avoid the judicial lien creditor's interest in the property without its consent, strict compliance with procedural matters when presenting a motion to avoid the creditor's lien is required. See In re Villar, 317 B.R. at 92-95. "The litigant attempting to effect service is responsible for proper service and bears the burden of proof." Id. at 94.

Rules 4003(d), 9014 and 7004 govern the notice and service requirements for lien avoidance motions under § 522(f). These rules provide a coherent scheme of procedural due process safeguards. Rule 4003(d) states that a proceeding by the debtor to avoid a lien under § 522(f) shall be by motion in accordance with Rule 9014. Rule 9014 governs contested matters. Rule 9014(a), in turn, provides that relief shall be requested by motion and "reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Through Rule 9001, § 102(1) governs the construction of the phrase

-7-

"reasonable notice and opportunity for hearing." The amount of notice and the opportunity for hearing are normally those which are "appropriate in the particular circumstances." § 102(1)(A). "The standard for what amounts to constitutionally adequate notice, however, is fairly low; it's 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objection.'" Espinosa v. United Student Aid Funds, Inc., 553 F.3d 1193, 1202 (9th Cir. 2008) (citing Mullane, 339 U.S. at 314), aff'd, 559 U.S. 260 (2010).

However, when a particular creditor's rights are at issue such as in lien avoidance proceedings, the bankruptcy rules require a more rigorous type of notice. In that circumstance, a party is entitled to service. Rule 9014(b) states that service of the motion is required to be in a manner provided in Rule 7004. Rule 7004(h) governs service of process on an insured depository institution such as Wells Fargo. This rule provides that service on such an institution shall be made by certified mail addressed to an officer of the institution unless--

    (1) the institution has appeared by its attorney, in which case the attorney shall be served by first class mail;

    (2) the court orders otherwise after service upon the institution by certified mail of notice of an application to permit service on the institution by first class mail sent to an officer of the institution designated by the institution; or

    (3) the institution has waived in writing its entitlement to service by certified mail by designating an officer to receive service.

Plainly, Rule 7004(h) is the standard against which we measure the adequacy of the service given the facts before us. See In

-8-

re Meyer, 373 B.R. at 98-100 (concurrence and dissent by J. Montali) (citing Hanna v. Plumer, 380 U.S. 460, 463-64 (1965)).

**A.    Debtors Complied with Rule 7004(h)**

The Certificate of Service shows that Debtors served their lien avoidance motion, the accompanying declarations, and the notice for opportunity of hearing in accordance with Rule 7004(h); i.e., the motion and accompanying pleadings were served by certified mail and addressed to the attention of an officer of Wells Fargo.  None of the exceptions to compliance with Rule 7004(h) are relevant to this case.  Notably, at no time did an attorney appear for Wells Fargo in the bankruptcy case to trigger the application of Rule 7004(h)(1).  While attorneys can be authorized to accept service of process for a judicial lien creditor implicitly as well as explicitly, the fact that attorney Reese evidently represented Wells Fargo in the state court action that gave rise to the judicial lien is not enough by itself to establish implicit authority for Reese to accept service of process in matters involving Debtors' bankruptcy. See In re Villar, 373 B.R. at 93; see also Rubin v. Pringle (In re Focus Media, Inc.), 387 F.3d 1077, 1083 (9th Cir. 2004) (holding that a former attorney must have explicit or implicit authority from the client to accept service under Rule 7004(b)). Accordingly, Debtors' compliance with Rule 7004(h) satisfies the first half of the requirement under Mullane — that interested parties be apprised of the pendency of the action.[4]

---

[4]    If Debtors had simply mailed the notice and motion to a non-officer by regular mail to an address listed in the POC, this method would not comport with Rule 7004(h).

**B. Compliance With The Service Requirements of CCP § 684.010 Is Not Required For Lien Avoidance Motions**

CCP § 684.010 provides in relevant part:

> [W]hen a notice, order, or other paper is required to be served under this title [Title 9 Enforcement of Judgments] on the judgment creditor, it shall be served on the judgment creditor's attorney of record rather than on the judgment creditor if the judgment creditor has an attorney of record.

Although Debtors rely on Villar for the proposition that service on attorney Reese is not required under these circumstances, the Panel in Villar did not specifically address the applicability of CCP § 684.010 to lien avoidance motions. Several years after Villar, Judge Klein addressed the question in dicta in a separate concurring opinion in In re Meyer, 373 B.R. at 92. Although the underlying facts and legal issues presented in Meyer are different from those here, we provide a brief background for context.

In Meyer, the chapter 7 debtor sought to avoid two judgment liens against property which was co-owned. The debtor served the senior judgment lienholder, American Capital Resources, Inc. (American Capital), in accordance with Rule 7004(b)(3) and served the junior lienholder, All Points Capital Corporation (All Points), through its attorney of record. American Capital did not respond to the motion; however, All Points did. At the hearing, All Points argued that American Capital's lien should be first avoided by default and excluded from the analysis. Under this theory, All Point's lien would partially survive avoidance. The bankruptcy court granted the debtor's lien avoidance motion in its entirety without making findings of fact

-10-

and conclusions of law articulating its reasoning about the statutory formula for lien avoidance.  All Points' lien was avoided in its entirety.  All Points appealed.

The Panel held that consensual liens against the entire fee must be netted out before computing the value of a debtor's fractional interest for purposes of avoiding judgment liens on which the co-owner is not liable.  The Panel also held that All Point's theory for exploiting default to squeeze out the senior lien offended the rule that multiple liens impairing exemptions be avoided in order of reverse priority and also offended the rule that a default judgment should not be entered when it is not warranted on the merits.  The Panel vacated the bankruptcy court's decision and remanded.

Although not discussed in the majority opinion, in a separate concurrence, Judge Klein observed a "due process notice issue embedded in the facts" because American Capital did not respond to the debtor's motion.  373 B.R. at 92.  Judge Klein acknowledged that the debtor had properly served American Capital by mail in accordance with Rule 7004(b)(3) and the holding in Villar, but noted that CCP § 684.010 conflicted with Villar because the statute required judgment enforcement matters to be directed to the counsel who obtained the judgment and not to the judgment creditor.  Id. at 93.  Thus, Judge Klein concluded that because of this "asymmetry" between Rule 7004 and Villar on the one hand, and CCP § 684.010 on the other, "a California judgment creditor who receives a notice that must be sent to counsel may reasonably think that the notice can be ignored as either redundant of service on counsel or

-11-

ineffective." Id. Implicitly, Judge Klein surmised that this may have been the reason why American Capital did not appear in the lien avoidance action.

Accordingly, Judge Klein found the time was ripe to "clarify" the rule in Villar. In so doing, he noted the United States Supreme Court's decision in Jones v. Flowers, 547 U.S. 220 (2006), which emphasized the need for "'reasonable additional steps' when a property right would be extinguished and there is reason to doubt the efficacy of notice." 373 B.R. at 94. Judge Klein reasoned that although service may comply with Rule 7004, to comport with due process, "the better practice for bankruptcy judicial lien avoidance motions in any state is to serve both the judgment creditor and the attorney of record." Id. On remand, Judge Klein urged the bankruptcy court to assure itself that notice was provided to American Capital consistent with due process. Id.

In a separate concurrence and dissent, Judge Montali disagreed that CCP § 684.010 was applicable to lien avoidance motions given the holding in Hanna. In Hanna, the United States Supreme Court upheld the adoption of Civil Rule 4(d)(1) to control service of process in diversity cases notwithstanding a state law that required a different method. It noted that to hold that a federal service rule ceases to function when it alters the mode of enforcing state created rights would be to ". . . disembowel either the Constitution's grant of power over federal procedure or Congress' attempt to exercise that power in the Enabling Act." In re Meyer, 373 B.R. at 98 n.8 (citing Hanna, 380 U.S. at 473-74). Judge Montali noted: "While the

-12-

concurrence does not purport to replace Rule 7004 with [CCP] § 684.010, its reliance on California law certainly is inconsistent with <u>Hanna</u> and should be disregarded." <u>Id.</u>

Judge Montali also found that CCP § 684.010 was inapplicable to lien avoidance motions for other reasons. First, there was nothing in Title 9, which contained CCP § 684.010 and addressed the Enforcement of judgments, or in California law generally, which permitted a judgment debtor to eliminate all or a portion of a judgment lien to the extent it impaired the judgment debtor's exemption. <u>Id.</u> at 99. Second, the "procedural rule imposed by the California legislature appears to be more a matter of convenience than of fundamental due process." <u>Id.</u> Therefore, the judge concluded there is no "hint that California law <u>must</u> be complied with when a party avails itself of a right found exclusively within the Bankruptcy Code." <u>Id.</u> Finally, the judge opined that applying CCP § 684.010 to lien avoidance actions amounts to a "'slippery slope' which can only confuse the issue further about where and when bankruptcy practitioners should follow state law even when they comply with applicable bankruptcy rules." <u>Id.</u>

In the end, Judge Montali recognized that Judge Klein's concurrence in relation to CCP § 684.010 was an "advisory opinion" as no party raised the issue and "by no means [was] this view the holding of this decision." <u>Id.</u> On this point, it is apparent that a majority of the Panel did not focus on why American Capital had not appeared to defend the debtor's motion nor did the majority consider a due process argument not raised by the parties in the appeal. <u>See</u> <u>Espinosa</u>, 553 F.3d at 1199-

-13-

1200 n.3 ("Anything [a prior case] has to say as to matters not presented in that case is, in any event, dicta and thus not binding on us."). Although dicta, the discussion in Meyers on the application of CCP § 684.010 to lien avoidance actions is helpful to us in resolving the issue which is directly before us.

Initially, we note that even if service was made on attorney Reese in compliance with CCP § 684.010, that would be inadequate under the holding in Villar. "We cannot presume from [Reese's] handling the litigation that resulted in the judicial lien that he is also authorized to accept service for a motion to avoid the judicial lien." 317 B.R. at 93. Here, the record shows that no attorney from the Reese Law Group ever appeared in Debtors' bankruptcy case purporting to represent Wells Fargo and there is no other evidence to show that Reese was authorized to accept service of process.[5]

In addition, Rule 1001 provides: "The Bankruptcy Rules and Forms govern procedure in cases under title 11 of the United States Code." Rule 7004 governs the procedure for service of lien avoidance motions as stated by Rule 9014(b). Nowhere do the bankruptcy rules require compliance with CCP § 684.010 nor do we perceive any reason why compliance should be compelled in light of the procedural due process safeguards provided by the

---

[5] Indeed, Debtors had served attorney Reese of the Reese Law Group with their first motion to avoid Wells Fargo's judicial lien and their request for entry of order by default at his address listed on the California Bar website. However, neither Reese nor any other attorney from his office responded or appeared on behalf of Wells Fargo to oppose the first motion.

-14-

rules themselves.

We therefore conclude that the view espoused by Judge Montali in <u>Meyer</u> is the better one in light of <u>Hanna</u> and the judge's sound reasoning. Applying CCP § 684.010 to lien avoidance actions indeed fosters confusion about where and when bankruptcy practitioners should follow state law even when they comply with applicable bankruptcy rules. <u>In re Meyers</u>, 373 B.R. at 98-99. Accordingly, Debtors' failure to serve the judgment creditor's attorney listed on the abstract of judgment with the notice and motion to avoid the judgment creditor's lien was not an appropriate basis for the bankruptcy court to deny their request for entry of an order by default.

**C. Wells Fargo Had Sufficient Notice That Its Lien Was At Issue**

The second part of the <u>Mullane</u> test requires that the notice provided must afford the affected party an opportunity to present their objections. <u>Mullane</u>, 339 U.S. at 314. While <u>Mullane</u> revolved principally around the constitutional adequacy of service by publication, the court stated that "[t]he notice must be of such nature as reasonably to convey the required information." <u>Id.</u>

Here, the notice stated that Debtors had filed a motion to avoid the judicial lien in favor of Wells Fargo and they gave the date the lien was recorded, the County that it was recorded in, and the document number. This information was sufficient to allow Wells Fargo to identify the property subject to its lien. If Wells Fargo had any doubt, Debtors' motion sufficiently notified it that its judgment lien recorded against Debtors'

residential property was at issue, in compliance with Rule 9013. Under this rule, the lien should be reasonably identified and the relief requested and the basis for the relief requested shall be stated with "particularity." See Rule 9013; BLR 9013(b). Debtors' motion identified Wells Fargo as the creditor holding a judgment lien, identified the lien in jeopardy by stating the date on which it was recorded and provided the document recordation number, and set forth the physical address of the property which was impacted by the lien. Finally, the motion specifically asked the bankruptcy court to avoid Wells Fargo's judicial lien under § 522(f).

We conclude that both the motion and notice afforded Wells Fargo the opportunity to present its objections because the notice and motion reasonably conveyed the required information. Therefore, although the notice did not specifically set forth the address of the property, this deficiency was not an appropriate basis for the bankruptcy court to deny Debtors' request for entry of an order by default.

## VI.  CONCLUSION

Wells Fargo, properly served, did not oppose Debtors' motion to avoid its judicial lien and, therefore, its lien was effectively avoided by default. Accordingly, the bankruptcy court erred in denying Debtors' request to avoid Wells Fargo's judicial lien by default on the procedural grounds stated. We REVERSE and REMAND.[6]

---

[6]  By our conclusion, we do not opine whether entry of default is warranted on the merits or for any other reason.

-16-