NOT FOR PUBLICATION

### UNITED STATES BANKRUPTCY APPELLATE PANEL

### OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No. CC-13-1086-DPaKi |
| | ) | |
| MELISSA RODRIGUEZ LIRA, | ) | Bk. No. 12-35965-DS |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| MELISSA RODRIGUEZ LIRA, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **M E M O R A N D U M**[1] |
| | ) | |
| BAYVIEW LOAN SERVICING, LLC, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Submitted Without Oral Argument on March 21, 2014[2]

Filed - April 23, 2014

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Deborah J. Saltzman, Bankruptcy Judge, Presiding

Appearances:     Appellant Melissa Rodriquez Lira pro se on brief;
Eric D. Houser and Sara Firoozeh of Houser &
Allison, APC on brief for Appellee Bayview Loan
Servicing, LLC.

Before:  DUNN, PAPPAS, and KIRSCHER, Bankruptcy Judges.

---

[1]     This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[2]     By order entered on March 10, 2014, this appeal was deemed suitable for submission without oral argument. See Fed. R. Bankr. P. 8012 and Ninth Circuit BAP Rule 8012-1.

In this appeal, we are asked to consider the implications arising when a party (1) fails to make a timely response to a pleading and (2) fails to raise an issue before the bankruptcy court. Here, a chapter 7[3] debtor failed timely to respond to a motion for relief from the automatic stay. Although debtor asserts on appeal that she was precluded from filing a timely response because service of the motion had been improper, i.e., filed too late for her to comply with the deadline for the response set by the bankruptcy court's local rules, she never raised that concern before the bankruptcy court. We AFFIRM.

## I. FACTUAL BACKGROUND

On July 27, 2007, Francisco Gonzalez obtained a loan from Bayview Loan Servicing, LLC ("Bayview"),[4] secured by a deed of trust on commercial real property ("Property") in San Diego, California. Melissa Rodriguez Lira asserts that she loaned Mr. Gonzalez, her cousin, $50,000 ("Family Loan") on January 15, 2008. The Family Loan was to be repaid within one year; if not repaid during that time Mr. Gonzalez was to "secure" the Family Loan by adding Ms. Lira to the title of the Property as a joint

---

[3] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The local rules of the Bankruptcy Court for the Central District of California are referred to a "LBRs." The Federal Rules of Civil Procedure are referred to as "Civil Rules."

[4] The loan actually was extended by Bayview Financial Small Business Funding, LLC, which assigned the Trust Deed to Bayview Loan Servicing, LLC by Corporate Assignment recorded December 11, 2007 at the County Record's Office.

tenant.

Mr. Gonzalez filed a chapter 7 petition ("Gonzalez Bankruptcy Case") on June 18, 2012, including the Property in his schedules. Bayview obtained an order in the Gonzalez Bankruptcy Case granting relief from the automatic stay as to the Property on October 18, 2012.[5] It appears that Bayview thereafter scheduled a foreclosure sale of the Property.

On November 19, 2012, Mr. Gonzalez recorded a Quitclaim Deed, through which he transferred his interest in the Property to himself and Ms. Rodriquez. The Quitclaim Deed states that an unspecified valuable consideration was given for the transfer.[6]

Ms. Lira thereafter filed a chapter 7 petition ("Lira Bankruptcy Case") on November 21, 2012. Ms. Lira did not include the Property in the schedules she filed at the time she commenced the Lira Bankruptcy Case.

On November 21, 2012, Bayview was informed by a facsimile transmission it received, apparently from Mr. Gonzalez and Ms. Lira, that the Lira Bankruptcy Case had been filed and that it potentially impacted the scheduled foreclosure of the

---

[5] We exercised our discretion to review the bankruptcy court's electronic docket for Mr. Gonzalez's bankruptcy case. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir .1989); Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[6] The Quitclaim Deed contains conflicting statements regarding the consideration given to support it. The boilerplate language of the Quitclaim Deed form utilized states "FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged . . . ." However, the words "no consideration" and "no cash" are handwritten on the form.

-3-

Property. The facsimile transmission included a copy of the petition in the Lira Bankruptcy Case. The facsimile cover sheet contained the following statements: "Stop Trustee Sale on Trustee #CA-BUS-12012114. Attached is Chapter 7 Bk to stop sale on property . . . ." The statement included the address of the Property.

On January 9, 2013, Bayview filed a motion ("Motion") in the Lira Bankruptcy Case seeking relief from the automatic stay pursuant to § 362(d)(1) for "cause," with that cause being the filing of the Lira Bankruptcy Case in bad faith to delay, hinder, or defraud Bayview. The Motion also sought relief from the automatic stay pursuant to § 362(d)(4), alleging that the Lira Bankruptcy Case was part of a scheme to delay, hinder or defraud creditors that involved the transfer of all or part ownership of the Property without the consent of Bayview or court approval. In addition to relief from the automatic stay, the Motion sought both a waiver of the 14-day stay described by Rule 4001(a)(3) and "extraordinary relief" in the form of an in rem order as to the Property. The Motion included a notice ("Notice") that a hearing on the Motion would be held on January 30, 2013 ("RFS Hearing"). The Notice advised Ms. Lira that if she intended to oppose the Motion, (1) she had until 14 days before the RFS Hearing to file a written response, and (2) she was required to appear at the RFS Hearing.

On January 24, 2013, Ms. Lira filed amended schedules to add Bayview as a creditor in her case. She did not file an amended Schedule A to add the Property as a real property asset in which she held an interest. On the same date, Ms. Lira filed her

-4-

response to the Motion, which she supported by a declaration from Mr. Gonzalez ("Gonzalez Declaration") and her own declaration ("Lira Declaration"). In paragraph 6 of the Lira Declaration, Ms. Lira admitted that she was not added to the title of the Property in 2006 as agreed; in his declaration, Mr. Gonzalez stated the Family Loan was entered into in 2006, that he was to repay the Family Loan within one year, and that he had agreed to add Ms. Lira to the title.[7] Mr. Gonzalez further averred, somewhat obliquely, that Bayview did consent to the transfer to Ms. Lira of an interest in the Property.

On January 31, 2013, the bankruptcy court entered on the docket its ruling with respect to the Motion. That ruling reads:

> This motion was set for hearing in accordance with Local Bankruptcy Rule (LBR) 9013-1(d).[8] The failure of the debtor, the trustee, and any other party to file written opposition at least 14 days prior to the

---

[7] Both declarations refer to the year 2006 as the time at which the Family Loan was entered into, not 2008 as Ms. Lira states in her Opening Brief on appeal.

[8] LBR 9013-1(d) provides in relevant part:

**Time Limits for Service and Filing of Motions**.

(1) Persons or Entities to be Served with the Notice and Motion. . . . [A] motion and notice thereof must be served upon the adverse party (by serving the adverse party's attorney of record, if any; or if the adverse party is the debtor, by serving the debtor and the debtor's attorney, if any; or the adverse party, if there is no attorney of record).

(2) Deadline for Filing and Serving of Notice and/or Notice and Motion. The notice of motion and motion must be filed and served not later than 21 days before the hearing date designated in the notice . . . .

-5-

hearing pursuant to LBR 9013-1(f)[9] is deemed consent to the granting of the motion. LBR 9013-1(h);[10] <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995). Further, because the court is granting the relief that the moving party requested and for which a prima facie case has been established, an actual hearing is not necessary. <u>Boone v. Burk (In re Eliapo)</u>, 468 F.3d 592, 602 (9th Cir. 2006). Their defaults are entered and the court will resolve the matter without oral argument. LBR 9013-1(j)(3).[11] NO APPEARANCE IS NECESSARY. GRANT under 11 U.S.C. § 362(d)(1) and (d)(4). GRANT as binding despite conversion. GRANT waiver of FRBP 4001(a)(3) stay. GRANT extraordinary relief. MOVANT TO LODGE ORDER WITHIN 7 DAYS. BY VIRTUE OF THE ENTRY OF THIS ORDER, THE BORROWER'S(S') BANKRUPTCY PROCEEDINGS HAVE BEEN FINALIZED WITH REGARD TO THE SUBJECT PROPERTY WITHIN THE MEANING OF CALIFORNIA CIVIL CODE SECTION 2923.5(h)(3).

The order granting the Motion was entered February 8, 2013,

---

[9] LBR 9013-1(f) provides in relevant part:

**Opposition and Response to Motions**. . . . [E]ach interested party opposing or responding to the motion must file and serve the response (Response) on the moving party and the United States trustee not later than 14 days before the date designated for hearing. . . .

[10] LBR 9013-1(h) provides:

**Failure to File Required Documents**. If a party does not timely file and serve documents, the court may deem this to be consent to the granting or denial of the motion, as the case may be.

[11] LBR 9013-1(j)(3) provides:

**Appearance at Hearing**.
. . .
(3) <u>Oral Argument</u>. If the court decides in its discretion to dispense with oral argument on any motion, the clerk will attempt to give counsel and unrepresented parties notice of the court's intention to do so at least 24 hours prior to the hearing date and time. The court may also dispense with oral argument and waive appearance by tentative or final ruling posted on the court's web site the day before the hearing.

-6-

and this appeal followed.[12],[13]

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(G). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Whether the bankruptcy court abused its discretion when it granted relief from the automatic stay, including "extraordinary relief" in the form of an <u>in rem</u> order, to Bayview.

## IV. STANDARDS OF REVIEW

We review the bankruptcy court's application of procedural rules and whether a particular procedure comports with due process de novo. <u>All Points Cap. Corp. v. Meyer (In re Meyer)</u>, 373 B.R. 84, 87 (9th Cir. BAP 2007); <u>Beneficial Cal. Inc. v. Villar (In re Villar)</u>, 317 B.R. 88, 92 (9th Cir. BAP 2004); <u>see also</u> <u>Berry v. U.S. Trustee (In re Sustaita)</u>, 438 B.R. 198, 207 (9th Cir. BAP 2010) (whether adequate due process notice was given in any particular instance is a mixed question of law and fact reviewed de novo) (citing <u>Demos v. Brown (In re Graves)</u>, 279 B.R. 266, 270 (9th Cir. BAP 2002)).

De novo review requires that we consider a matter anew, as if no decision had been made previously. <u>United States v. Silverman</u>, 861 F.2d 571, 576 (9th Cir.1988); <u>B-Real, LLC v.</u>

---

[12] The bankruptcy court denied Ms. Lira's motion for a stay pending appeal.

[13] During his bankruptcy case, Mr. Gonzalez initiated attempts to obtain a loan modification from Bayview, which resulted in a Stipulated Agreement dated March 1, 2013.

Chaussee (In re Chaussee), 399 B.R. 225, 229 (9th Cir. BAP 2008).

We review the order of a bankruptcy court granting relief from the automatic stay for an abuse of discretion. Kronemeyer v. Am. Contractors Indem. Co., 405 B.R. 915, 918 (9th Cir. BAP 2009).

A bankruptcy court abuses its discretion if it applies an incorrect legal standard or misapplies the correct legal standard, or its factual findings are illogical, implausible or without support from evidence in the record. TrafficSchool.com v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

We may affirm the decision of the bankruptcy court on any basis supported by the record. Shanks v. Dressel, 540 F.3d 1082, 1086 (9th Cir. 2008).

## V. DISCUSSION

A. Ms. Lira Waived Her Right to Assert On Appeal That the Bankruptcy Court Abused Its Discretion In Determining That the Response Was Untimely.

It is a fundamental precept of appellate law that this Panel generally will not review an issue that was not presented to the bankruptcy court in the first instance. Francis v. Wallace (In re Francis), 505 B.R. 914, 920 (9th Cir. BAP 2014), citing Law Offices of Neil Vincent Wake v. Sedona Inst. (In re Sedona Inst.), 220 B.R. 74, 76 (9th Cir. BAP 1998)(issues not raised at the trial court ordinarily will not be considered for the first time on appeal).

On appeal, Ms. Lira asserts for the first time that Bayview served the Motion on her on January 18, 2013, making it impossible for her to comply with LBR 9013-1 by filing the Response at least 14 days prior to the RFS Hearing. Ms. Lira

-8-

includes in her excerpts of record a copy of an envelope from Bayview's counsel to her which was postmarked January 18, 2013. There is nothing in the record to show that Ms. Lira ever brought to the bankruptcy court's attention her assertion that she was not timely served with the Motion. The timeliness of service is a question of fact for a trial court. As an appellate body, we will not engage in fact finding.

Because Ms. Lira never presented the issue of the timeliness of the service of the Motion to the bankruptcy court, she has waived that issue for purposes of this appeal. We therefore do not consider her issue that the bankruptcy court abused its discretion when it refused to consider her untimely response to the Motion.

B. <u>The Bankruptcy Court Did Not Abuse Its Discretion When It Failed to Consider Ms. Lira's Alleged Equity in the Property.</u>

As her second issue, Ms. Lira asserts in her Opening Brief on Appeal that the bankruptcy court abused its discretion when it did not take into consideration that there was equity in the Property over and above Bayview's security interest. Ms. Lira cites to the legal standard set forth in § 362(d)(2):

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay --
> . . . .
> (2) with respect to a stay of an act against property under subsection (a) of this section if --
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization.

The problem for Ms. Lira on this issue is that the Motion did not

seek relief pursuant to § 362(d)(2); nor did the Order grant relief pursuant to § 362(d)(2). Neither the existence of equity nor the necessity of the property to an effective reorganization ever was presented as an issue for decision to the bankruptcy court in the first instance. The bankruptcy court cannot have abused its discretion on an issue it did not, and was not required to, decide.

C.   The Bankruptcy Court Did Not Abuse Its Discretion In Determining, Without an Evidentiary Hearing, that the Motion Presented a Prima Facie Case to Support Both Relief From Stay and "Extraordinary Relief."

Ms. Lira next asserts that the bankruptcy court abused its discretion when it granted Bayview relief from the automatic stay pursuant to § 362(d)(4), and further granted "Extraordinary Relief" in the form of an in rem order against the Property, without conducting an evidentiary hearing. This issue also turns on the timing of Ms. Lira's response and her failure to raise an issue of untimely service at the bankruptcy court level.

Ms. Lira asserts that, pursuant to § 362(g), the bankruptcy court was required to conduct an evidentiary hearing and allow for presentation of evidence on both sides of an issue. Section 362(g) provides:

> In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section --
> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in the property; and
> (2) the party opposing such relief has the burden on all other issues.

We already have explained that equity in the property was not at issue. Therefore, the burden of proof on the issues raised by

-10-

the motion was on Ms. Lira as the party opposing the relief.

Ms. Lira is correct that although couched in terms of burdens of "proof," § 362(g) actually establishes the ultimate burdens of "persuasion," where the burden of going forward with the evidence initially is on the party seeking relief in the first instance, in this case, Bayview. However, Ms. Lira appears to contend that, until evidence has been presented from both parties, the bankruptcy court could not, without committing error, determine that Ms. Lira had failed to meet the burden ascribed to her pursuant to § 362(g)(2).

Her position ignores the impact of § 102(1)(B)(i), which provides:

> In this title --
> (1) "after notice and a hearing", or a similar phrase --
> (A) means after such notice as is appropriate in the particular circumstances, and such opportunity for hearing as is appropriate in the particular circumstances, but
> (B) authorizes an act without an actual hearing if such notice is given properly and if --
> (i) such a hearing is not requested timely by a party in interest . . . .

Because the bankruptcy court was not provided with an opportunity to determine otherwise, any issue about the timeliness of service for purposes of § 102(1)(B) is not before us. Thus, the only question we must answer is whether Ms. Lira timely requested a hearing.

LBR 9013-1(d)(2) required Bayview to file and serve both the Notice and the Motion not later than 21 days before the hearing date designated in the notice. The Notice designated the RFS Hearing Date as January 30, 2013, and the certificate of service states that the Notice and the Motion were served on January 9,

-11-

2013. January 9, 2013, was 21 days before the RFS Hearing Date.

The record before us is clear that Ms. Lira did not request a hearing more than 14 days before the RFS Hearing, where her response was filed on January 24, 2013. The Ninth Circuit has explained the impact of a failure to timely request a hearing. "Section 102(1)(B)(i) authorizes the bankruptcy court to 'act without an actual hearing' after appropriate notice if 'such hearing is not requested timely by a party in interest.'" Boone v. Burk (In re Eliapo), 468 F.3d 592, 602 (9th Cir. 2006).

The bankruptcy court determined that Bayview made a prima facie case, and therefore met its burden of going forward with the evidence. Reviewing the Motion and its attachments, we agree. The burden then shifted to Ms. Lira to persuade the bankruptcy court that, notwithstanding its prima facie case, Bayview was not entitled to prevail. While it is true that the bankruptcy court did not provide Ms. Lira with that opportunity at a further hearing, it was not required to do so. Ms. Lira had waived her right to present evidence when she failed to file a timely response to the Motion.

On appeal, Ms. Lira contends that the prima facie case was not met, because Bayview made false statements in support of its Motion for relief from stay pursuant to § 362(d)(4). She also appears to suggest that Bayview failed to make an initial showing of "cause" under § 362(d)(1). The record refutes these assertions.

The bankruptcy court did not abuse its discretion in failing to hold an evidentiary hearing where Ms. Lira failed to timely request such a hearing.

## VI. CONCLUSION

The bankruptcy court did not abuse its discretion when it declined to consider Ms. Lira's untimely response. The bankruptcy court correctly determined that the Motion stated a prima facie case. On that basis, there was no abuse of discretion when the bankruptcy court granted the Motion.

We AFFIRM.